**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN RAFAEL MEDINA BARBOZA,<br>Petitioner,<br>v.<br>JAIME RIOS, ETC., ET AL.,<br>Respondents. | No. ED CV 26-4697-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on August 18, 2026. Respondents filed "Federal Respondents' Response, etc." ("the Response") on August 26, 2026. Petitioner filed a Reply on August 27, 2026.

Petitioner is a citizen of Venezuela who has been in ICE detention since June 20, 2026. The Petition alleges a statutory misclassification as well as violations of constitutional due process. The Response appears to acknowledge that Petitioner is entitled to a bond hearing, but Respondents nevertheless oppose such relief because of Petitioner's asserted failure to exhaust administrative remedies.

///

///

Petitioner has been held in ICE detention without a hearing for more than two months. The Court does not believe that appropriate habeas relief should await the exhaustion of administrative remedies. The Government only belatedly has acknowledged that Petitioner is entitled to a hearing. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained under the present circumstances could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention of aliens under certain circumstances); see generally Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

Therefore, it is ordered that the Petition is granted in part. Within seven (7) days of the entry of Judgment, Respondents must provide Petitioner (A# 246-147-456) with a bond hearing before an immigration judge at which the Government bears the burden of proving by clear and convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 28, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to justify any additional or different form of habeas relief.